# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

| | |
|---|---|
| GENE RAYMOND MORRILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:13cv177 |
| ) | |
| HAROLD W. CLARKE, Director, ) | |
| Virginia Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Before the Court is the Petitioner Gene Raymond Morrill's ("Morrill") Petition for a Writ of *Habeas Corpus*[1] filed pursuant to 28 U.S.C. § 2254 ("Petition"), ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 6. The Motion was referred for disposition to the undersigned U.S. Magistrate Judge ("undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. After reviewing the briefs, the undersigned **DENIES** Morrill's request for appointment of counsel and for an evidentiary hearing on his Petition, ECF No. 11, and disposes of the Motion on the papers without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7(J). For the following reasons, the undersigned finds Morrill's claims are procedurally defaulted and

---

[1] The Court received Morill's initial Petition on December 14, 2012. However, the initial Petition improperly contained two separate *habeas* petitions concerning separate convictions and sentences from different courts: Stafford County and Prince William County. *See* 2:12cv681, ECF No. 1. The Court previously issued the Report and Recommendation regarding the Stafford County convictions on October 23, 2013. *Id.*, ECF No. 18. This Report and Recommendation concerns the convictions from Prince William County. While the CM-ECF docket entry shows the original date of filing as April 8, 2013, the Court will consider this Petition filed as of November 30, 2012, the date when Morrill placed his original Petition in the prison mail system. *See* 2:12cv681, ECF No. 1 at 8.

time-barred and, therefore, **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 6, be **GRANTED** and Morrill's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

After pleading guilty, Morrill was convicted August 28, 2008 in the Prince William County Circuit Court of two counts of distributing child pornography in violation of Va. Code § 18.2-374.1, for which he was sentenced to an active term of five years in prison. He did not appeal these convictions or sentences.

Morrill also never filed a state *habeas* petition. Instead, he submitted the instant Petition, ECF No. 1, his first § 2254, alleging the following: (1) Petitioner was not present in Virginia to commit any crimes (ground one); (2) Petitioner's defense attorney was ineffective for (a) not properly advising Petitioner about pleading guilty (grounds two, four, and eight), (b) failing to insist on the court holding an "exculpatory evidence hearing" (ground five), and (c) not challenging the accuracy of the pre-sentence investigation report (ground six); (3) the nature of Petitioner's current incarceration violates his constitutional rights (ground three);[2] and (4) Petitioner timely filed his Petition because various Dumfries police officers were charged witth crimes themselves. ECF No. 1 at 1-3. The Virginia Attorney General, on behalf of the Respondent, submitted a Rule 5 Answer, Motion to Dismiss, memorandum in support, and *Roseboro* notice on August 12, 2013. ECF Nos. 5-8. Morrill responded to the Respondent's

---

[2] This claim does not sound in *habeas corpus*. *See, e.g., Crew v. Members of the Commonwealth of Va.*, No. 7:07cv333, 2007 WL 2021892, at *1 n.1 (W.D. Va. July 10, 2007) ("Although Crews complains about the adequacy of his mental health treatment, he does not indicate any desire to sue individual prison officials for violating his constitutional rights related to medical care, pursuant to 42 U.S.C. § 1983."). Accordingly, Morrill is cautioned that this Report and Recommendation in no way makes any determination as to the validity, or lack thereof, of these claims, which must be brought in a different lawsuit.

2

Motion to Dismiss on August 22, 2013, ECF No. 9, with an affidavit in support, ECF No. 10. The Respondent has not replied, and the time to do so has passed. Therefore, the Motion is ripe for disposition.

## II. PROCEDURAL ISSUES

### A. Exhaustion and Procedural Default

Section 2254 petitions challenge a state's custody of a prisoner "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "In the interest of giving the state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal *habeas* relief." *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998) (citing 28 U.S.C. § 2254(b); *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). "To exhaust state remedies, a *habeas* petitioner must fairly present the substance of his claim to the state's highest court." *Id.* (citing *Matthews*, 105 F.3d at 911). In Virginia, that court is the Virginia Supreme Court. "The burden of proving that a claim is exhausted lies with the *habeas* petitioner." *Id.* (citing *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal *habeas* review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a *habeas* petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the *habeas* petitioner has procedurally defaulted his federal *habeas* claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "A state procedural rule is adequate if it is 'regularly

3

or consistently applied by the state court' and is independent if it does not rely on a rule of federal constitutional law." *Silk v. Johnson*, No. 3:08cv271, 2009 WL 742552, at *2 (E.D. Va. Mar. 20, 2009) (quoting *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1994) (citing *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985))). "After determining that a state court relied on an adequate and independent state-law ground for decision, [courts] 'may . . . not [inquire] into whether the state court properly applied its own law.'" *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (citing *Barnes v. Thompson*, 58 F.3d 971, 974 n.2 (4th Cir. 1995)).

The Respondent maintains that Morrill did not exhaust his available state court remedies because he failed to present the substance of his claims to the Virginia Supreme Court. ECF No. 7 at 4, ¶ 8. However, "the exhaustion requirement for claims not fairly presented to the state's highest court . . . is met when a state procedural rule would bar consideration if the claim was later presented to the state court." *Matthews*, 105 F.3d at 911. Virginia Code § 8.01-654(A)(2) provides that "[a] *habeas corpus* petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." This provision offers an independent and adequate state law ground that bars federal *habeas* review. *See, e.g., Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587-88 (2006). As all of the instant claims concern convictions and sentences from 2008 that Morrill never directly appealed, nor did he initiate collateral review *habeas* proceedings in any state court, let alone the Virginia Supreme Court, these claims, if now presented to the Virginia Supreme Court, would clearly be time-barred under Virginia Code § 8.01-654(A)(2) and, therefore, are procedurally defaulted.

Morrill may overcome procedural default by "showing [] cause and prejudice or a fundamental miscarriage of justice due to [his] actual innocence." *Silk*, 2009 WL 742552, at *3 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998), and *Harris v. Reed*, 489 U.S. 255, 262 (1989)). "[C]ause" refers to "some objective factor external to the defense [that] impeded counsel's [or the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Morrill acknowledges that he has not previously filed a petition in state court, ECF No. 1 at 1, 3 ("[H]ave you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? No . . . . This is my first effort to seek justice . . . ."), and he offers no reason or explanation for why he failed to present his claims to the Virginia Supreme Court. Instead, he claims ignorance of the law, and asks "this humble court to please waive all limits in the name of justice." ECF Nos. 1 at 3; 9 at 1-2. However, Morrill's *pro se* status and lack of familiarity with Virginia law and federal law are not sufficient cause to overcome procedural default. *See Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (citing *Smittie v. Lockhart*, 843 F.2d 295 (8th Cir. 1988) (petitioner's pro se status and educational background are not sufficient cause under the cause and prejudice test) (additional citations omitted). Absent cause, a prejudice analysis is unnecessary. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that courts should not consider the issue of prejudice absent cause to avoid the risk of reaching an alternative holding).

In addition, Morrill cannot demonstrate a fundamental miscarriage of justice because conclusory statements of actual innocence are insufficient, *see, e.g.*, ECF Nos. 3 at 6-7, ¶ I; 9 at 2-3, and he offers no argument, new reliable evidence, or factual contentions to substantiate such

a claim. *Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir. 1999) ("In order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, 'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the *new evidence*.'") (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (emphasis added). Accordingly, the undersigned finds the above claims are procedurally defaulted and, thus, must be dismissed.

## B. Statute of Limitations

Section 2254 petitions are subject to a one-year statute of limitations that begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[3] 28 U.S.C. § 2244(d)(1)(A), (D). Pursuant to § 2244(d)(1)(D), the limitation period "commences when the factual predicate [of the petitioner's claim] 'could have been

---

[3] 28 U.S.C. § 2244(d)(1)(B), which addresses an alternative means by which to calculate the limitation period, is not applicable and will not be discussed here. Additionally, although Morrill believes the limitation period should be calculated pursuant to 28 U.S.C. § 2244(d)(1)(C), the undersigned rejects this call. First, *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), to which Morrill cites, has not been made retroactively applicable to cases on collateral review as § 2244(d)(1)(C) mandates. *See United States v. Perez*, No. 7:93-CR-26-01-F1, 2012 WL 5183570, at *3 (E.D.N.C. Oct. 18, 2012) ("The case law changes on which Perez relies have not been made retroactive to cases on collateral review.") (citing *Lafler*, 132 S. Ct. 1376) (other citations omitted). And even if *Lafler* was made retroactively applicable, that case, which concerned an ineffective assistance of counsel claim where the defendant rejected a plea offer and proceeded to trial, does not apply here, where Morrill pleaded guilty and, after the fact, is seeking to withdraw that plea and proceed to trial. The same may be said of the other case Morrill cites to, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which also has not been made retroactive to cases on collateral review. *See Hutchinson v. Crews*, No. 3:13cv128/MJW, 2013 WL 2903530, at *1 (N.D. Fla. June 12, 2013) ("*Martinez* did not announce a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, thus it does not meet the exception enumerated in 28 U.S.C. § 2244(b)(2)(A).") (citation omitted). Again, even if *Martinez* was made retroactively applicable, that case, which recognized a new remedy for state criminal defendants claiming their counsel in their collateral post-conviction proceeding failed to adequately challenge the effectiveness of trial counsel, does not apply here, where Morrill did not have post-conviction counsel. *See Brown v. Kerestes*, No. 12-3750, 2013 WL 444672, at *2-3 (E.D. Pa. Feb. 6, 2013) (overruling petitioner's objections to magistrate judge's report and recommendation, whereby the magistrate judge determined "that neither *Martinez* nor *Lafler* . . . created a new constitutional rule made retroactively applicable, as [§ 2244](d)(1)(C) requires").

discovered through the exercise of due diligence,' not when it was actually discovered by" him. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000); *see also Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004); *Carter v. Virginia*, No. 3:09cv121, 2010 WL 331758, at *3 (E.D. Va. Jan. 26, 2010). The relevant inquiry, therefore, is "when the petitioner knows, or through due diligence could have discovered, the factual predicate for a potential claim, not when he recognizes their [sic] legal significance." *McKinney v. Ray*, No. 3:07cv266, 2008 WL 652111, at *2 (E.D. Va. Mar. 11, 2008).

Although Morrill invokes § 2244(d)(1)(D)'s factual predicate exception, which would delay the running of the limitation period to some indefinite future period, "the Court is faced with allegations that are conclusory and unsupported by any evidence." *Allen v. Hancock*, No. 1:11CV123-HSO-JMR, 2011 WL 7461993, at *2 (S.D. Miss. Nov. 9, 2011). Specifically, Morrill does not "offer an explanation of why the factual predicate[s of his claims] could not have been discovered earlier and steps, if any, that were taken to discover his claim[s]," *id.*; rather, he simply requests that the Court allow his tardy filing because it "would be in the interests of justice and necessary to correct a fundamental miscarriage of justice," but he fails to elaborate or provide corroborating details. ECF No. 9 at 4-5. These statements, moreover, do not address the dispositive questions: what are the factual predicates that were not discovered until recently, why could not have they been discovered earlier, and what steps did Morrill take to discover these facts in a diligent and expeditious manner? The undersigned, therefore, rejects Morrill's invocation of § 2244(d)(1)(D) and finds, instead, that § 2244(d)(1)(A) should apply.

In applying that subsection here, the Respondent maintains that Morrill's Petition is time-barred because he filed it over three years late. ECF No. 7 at 3, ¶ 6. The undersigned concurs

with the Respondent's assessment that Morrill's judgment became final under § 2244(d)(1)(A) on September 27, 2008. The Prince William County Circuit Court entered final judgment on August 28, 2008, and Morrill had thirty days until September 27, 2008 to appeal his conviction and sentence to the Virginia Court of Appeals. *See* VA. SUP. CT. R. 5A:6(a) ("No appeal shall be allowed unless, within 30 days after entry of final judgment or other appealable order or decree . . . counsel files with the clerk of the trial court a notice of appeal."); *Smith v. Clarke*, 7:13-cv-00059, 2013 WL 866077, at *1 (W.D. Va. Mar. 7, 2013) ("Petitioner's conviction became final . . . when the time expired for petitioner to note an appeal from the Circuit Court . . . to the Court of Appeals of Virginia.") (citation omitted). The limitations period continued to run for one year thereafter until September 27, 2009, by which date Morrill was required to file his Petition. Because Morrill did not submit his Petition until November 30, 2012,[4] when he placed it in the prison mailing system, ECF No. 1 at 8 ("I declare . . . that this Petition for Writ of *Habeas Corpus* was placed in the prison mailing system on 11-30-2012."), and this date is over three years after the limitations period ran, his Petition is clearly time-barred under § 2244(d)(1)(A).

Notwithstanding this finding, the Court considers whether equitable tolling may apply here. However, the U.S. Court of Appeals for the Fourth Circuit has proclaimed that the application of equitable tolling "be guarded and infrequent," and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Moreover, "[p]rinciples of equitable tolling do not extend to garden variety claims of excusable neglect." *Rouse v. Lee*, 339

---

[4] The undersigned uses as the filing date when Morrill placed his initial petition in the prison mailing system. *See supra* at 1 n.1.

F.3d 238, 246 (4th Cir. 2003) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'" *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (quoting *Harris*, 209 F.3d at 330) (alteration in original). "Accordingly, under [the Fourth Circuit's] 'extraordinary circumstances' test, [the petitioner] is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse*, 339 F.3d at 246.

Morrill does not claim that the Respondent, in any way, contributed to the delay in filing the Petition. *See Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (applying equitable tolling where "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant") (citations omitted). Instead, the only justification he proffers as to why equitable tolling should apply here is that he has "proffered [to] this court a substantial showing of legal, factual and actual innocence, which is always a[n] extraordinary reason for equitable tolling . . . ." ECF No. 9 at 5, ¶ 14. Such conclusory statements do not satisfy the "extraordinary circumstances" test. If they did, then many petitioners who are statutorily time-barred could find relief under equitable tolling with nothing more than an unsubstantiated proclamation of innocence, which is in clear contravention of the Fourth Circuit's declaration that this equity "be guarded and infrequent [and] reserved for [] rare instances." *Harris*, 209 F.3d at 330. Therefore, the undersigned finds that Morrill's delay in filing the Petition and his failure to do so within the one-year statute of limitations are of his own doing, and as a result, he is not entitled to equitable tolling.

### III. REQUEST FOR APPOINTMENT OF COUNSEL

Morrill requests throughout his submissions court-appointed counsel. *See, e.g.*, ECF Nos. 3 at 2-3; 11 at 4. However, a constitutional right to such counsel in non-capital federal *habeas* cases does not exist. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citation omitted); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (citations omitted). It is within the Court's discretion to appoint counsel to represent an indigent party in a civil matter pursuant to 28 U.S.C. § 1915(e)(1). *See Bowman v. White*, 388 F.2d 756, 761 (4th Cir. 1968) (citations omitted). As Morrill fails to demonstrate exceptional circumstances that would warrant the appointment of counsel, *see Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) (citation omitted); *Griffin v. Virginia*, 606 F. Supp. 941, 943 (E.D. Va. 1985) (citation omitted), his request for such counsel is **DENIED**.

### IV. RECOMMENDATION

For these reasons, the undersigned finds Morrill's claims are procedurally defaulted and time-barred and, therefore, **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 6, be **GRANTED** and Morrill's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being

served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
November 6, 2013

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Gene Raymond Morrill, #1393972/392911
Nottoway Correctional Center
Post Office Box 488
Burkeville, Virginia 23922
*Pro Se* Petitioner

Mr. Eugene Paul Murphy, Esq.
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Counsel for Respondent

_____
Fernando Galindo
Clerk of the Court

By: Jaime Meyers
Deputy Clerk
November 8, 2013

12